Carla G. McClurg, CSB# 227738
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18, Plaintiff

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Kathleen Arthur,<br><br>    Debtor. | Case No.  15-62393-tmr7 |
| United States Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff, and<br>Law Offices of Erik Graeff, P.C.,<br><br>    Defendants. | Adversary No.  16-\_\_\_\_-tmr<br><br>**UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS** |

Plaintiff Acting United States Trustee for Region 18, Gail Brehm Geiger, respectfully alleges:

    1.    This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding relates to the chapter 7 bankruptcy case of *In re Kathleen Arthur*, Case No. 15-62393-tmr7, pending in the U.S. Bankruptcy Court for the District

**Page 1 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld   Doc 1   Filed 06/10/16

of Oregon, Eugene Division.

2.     The matter in controversy arises under 11 U.S.C. §§ 105 and 526, LBR 9011-3, and the court's inherent authority.  It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409.  Plaintiff is authorized to file this complaint pursuant to 11 U.S.C. § 307.  Pursuant to Local Bankruptcy Rule 7008-1, plaintiff consents to the Court's entry of a final judgment in this matter.

### The Debtor

3.     Debtor Kathleen Arthur ("Arthur") is a resident of Woodburn, Oregon and has resided in Oregon at all times pertinent to this complaint.

4.     Arthur is an assisted person as defined by 11 U.S.C. § 101(3).

5.     At the time of her first contact with defendants or their representatives in or about January 2013, Arthur's primary source of income was approximately $500 per month in Social Security disability payments.  At the time that her bankruptcy case ultimately was filed by a pro bono attorney on July 15, 2015, Arthur's income was $879 per month and consisted of $517 in Social Security disability payments and $362 in food stamp assistance.

6.     Arthur was and is legally blind and not employed.

### The Defendants

7.     Defendant Vincent Howard ("Howard") is an attorney who has been licensed to practice law in the State of California since 2004.  Howard is not authorized to practice law in the State of Oregon and is not admitted to practice in the District Court for the District of Oregon.

8.     Defendant Howard Law P.C. ("Howard Law") is an active California corporation that was incorporated on or about July 21, 2011.   Howard is the president and only shareholder of Howard Law. Howard Law's principal place of business is in Anaheim, California.

9.     Howard previously was a partner in and/or did business as Howard Nassiri, a Limited Liability Partnership and Howard Nassiri, P.C. (collectively  "Howard Nassiri").

**Page 2 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Howard Law assumed responsibility for Howard Nassiri's clients after they dissolved or ceased operating.

10.    Howard and Howard Law were debt relief agencies as defined in 11 U.S.C. § 101(12A) at all times pertinent to this complaint.

11.    Defendant Erik Graeff ("Graeff") is an attorney licensed to practice law in Oregon, Washington, and California.  Graeff has been licensed to practice law in California since December 1, 2009; in Oregon since May 17, 2010; and in Washington since October 29, 2014.

12.    Defendant Law Offices of Erik Graeff, P.C. ("Graeff Law") is an Oregon corporation that was incorporated on or about December 8, 2010.  Graeff is the president and registered agent of Graeff Law.  Graeff Law's principal place of business is in Portland, Oregon.

13.    Graeff and Graeff Law were debt relief agencies as defined by 11 U.S.C. § 101(12A) at all times pertinent to this complaint.

### The Morgan Drexen Business Model and Its History

14.    Defendants participated in a business enterprise with Morgan Drexen, Inc. ("Morgan Drexen").  Morgan Drexen was a Nevada corporation with a principal place of business located in California.  It provided debt resolution and bankruptcy services to at least tens of thousands of financially distressed consumer-clients throughout the United States who responded to Morgan Drexen placed advertisements.

15.    Morgan Drexen was not a law firm, but in or about 2007, it adopted an "Attorney Model."  Under the Attorney Model, Morgan Drexen, with the assistance of Howard and/or Howard Nassiri, formed a network of attorneys throughout the United States to participate with Morgan Drexen to provide consumer debt resolution services.  Morgan Drexen characterized its services as back-office paralegal and paraprofessional support for the attorneys.

16.    The Morgan Drexen network of attorneys included a limited number of attorneys called "Engagement Counsel," who would enter into contracts with clients, and a larger number of "Local Counsel," who would perform clients' legal work in jurisdictions in which

**Page 3 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Engagement Counsel was not authorized to practice.  Engagement Counsel entered into contracts with Local Counsel that generally specified how Local Counsel would be compensated for their work.  Engagement Counsel and Local Counsel both entered into contracts with Morgan Drexen.  Sometimes, as occurred with Arthur, Local Counsel entered into contracts with debtors.

17.     In 2009, Morgan Drexen became aware of proposed amendments to federal regulations that would ban advance fees for debt settlement services.  Thereafter, Morgan Drexen changed its model so the majority of consumers signed fee agreements with Morgan Drexen affiliated attorneys for both debt settlement and bankruptcy services.  Upfront attorney fees and costs were charged to consumers for bankruptcy services although some of these consumers did not want to file bankruptcy and most never did file bankruptcy cases.

## Morgan Drexen's Bankruptcy Services

18.     Some of the consumers in the Morgan Drexen program filed or requested to file bankruptcy.  Morgan Drexen's services for bankruptcy filing  included the following:

    a.   Soliciting clients;

    b.   Receiving information from clients and enrolling them in bankruptcy and debt resolution programs;

    c.   Assigning clients to Morgan Drexen affiliated attorneys;

    d.   Obtaining clients' signatures on bankruptcy fee agreements with Morgan Drexen affiliated attorneys;

    e.   Arranging and managing ACH withdrawals from client bank accounts to accounts in the names of Morgan Drexen affiliated attorneys;

    f.   Collecting, disbursing and accounting for funds paid by clients;

    g.   Serving as the primary contact for clients;

    h.   Preparing bankruptcy documents; and

    i.   Arranging for counsel to appear with clients at meetings of creditors.

**Page 4 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld   Doc 1   Filed 06/10/16

## Morgan Drexen's Current Status

19.     In August 2013, the Consumer Financial Protection Bureau ("CFPB") sued Morgan Drexen and its principal in the District Court for the Central District of California (the "CFPB Litigation"). The lawsuit alleged that unnecessary bankruptcy services were bundled with debt relief services to disguise upfront fees charged as bankruptcy fees for what were essentially debt relief services. The district court permanently enjoined Morgan Drexen and others on June 18, 2015 after finding that consumers were charged illegal upfront fees for debt relief services and that false representations were made to consumers.

20.     Morgan Drexen is no longer operating. It currently is a chapter 7 debtor in the Central District of California.

## The Relationship among the Defendants in This Case

21.     Graeff signed a Local Counsel Engagement Letter with Howard Nassiri on or about October 29, 2010. The letter confirmed Graeff's law firm as "Local Counsel" for Howard Nassiri, which was "Engagement Counsel."

22.     The Local Counsel Engagement Letter stated that Howard Nassiri was a "national law firm based in Southern California that provide[d], *inter alia*, debt settlement and bankruptcy services to near-bankrupt or bankrupt consumers." The Local Counsel Engagement Letter further explained that Howard Nassiri "provide[d] legal advice and representation on the debt problems of individuals from across the United States" and "hired qualified attorneys from around the United States to help fulfill its obligations to the Engagement Law Firms."

23.     The Local Counsel Engagement Letter defined "Engagement Law Firms" and "Engagement Counsel" as law firms, including Howard Nassiri, that "contract the direct services of Morgan Drexen, Inc. and are the actual clients of Morgan Drexen." The definition section of the Local Counsel Engagement Letter further explained:

> The Engagement Law Firms, not Morgan Drexen, are responsible for providing debt settlement and/or bankruptcy services to the clients. The Engagement Law Firms supervise the work and are responsible for maintaining the client trust accounts for its clients.

**Page 5 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

24.     The Local Counsel Engagement Letter explained that Howard Nassiri had "Of Counsel" relationships to other "Engagement Law Firms" and that "[t]his unique relationship" allowed Howard Nassiri to provide these Engagement Law Firms with attorneys "to assist . . . with legal work in jurisdictions where the Engagement Counsel is not licensed to practice law."

25.     The purpose of the Local Counsel Engagement Letter was to confirm that Howard Nassiri retained Graeff to act as local counsel in Oregon "to perform whatever legal services are necessary for [Howard Nassiri]'s clients that [Howard Nassiri] cannot provide in your jurisdiction because We are not licensed there." The Local Counsel Engagement Letter further provided that Howard Nassiri "will identify exactly what services [Howard Nassiri] wish[es] [Graeff] to provide as the case progresses."

26.     In a July 14, 2011 letter from Howard Nassiri to Graeff (the "Letter of Understanding"), Howard Nassiri set forth "the understandings and intentions" between Howard Nassiri and Graeff and "define[d] the relationships among Local Counsel [Graeff], Engagement Counsel [Howard Nassiri], and Morgan Drexen, Inc. . . . within the Network." The Letter of Understanding also set forth "an understanding and agreement between Graeff and Howard Nassiri, P.C. that the parties will form relationships within the framework of the Network in order to further expand the Network as a mutual resource for our respective firms and clients."

27.     The Letter of Understanding explained that Morgan Drexen supported Howard Nassiri and other "Engagement Counsel" by providing access to Morgan Drexen's "proprietary software and administrative legal support services." It further explained that Morgan Drexen supported "Engagement Counsel" and also local counsel.

28.     The Letter of Understanding was signed by Graeff and Howard on behalf of Howard Nassiri. It included the following covenants between Graeff and Howard Nassiri:

a.  Howard Nassiri, including the attorneys within its "Network" would "serve in an Of Counsel capacity to Graeff" such that Graeff could "access the services of an attorney within the Network to perform legal work in jurisdiction(s) where the representation of a

**Page 6 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

client of Graeff require[d] an attorney licensed to practice law in that jurisdiction."

    b.  Graeff agreed "to participate in the Network for the purpose of providing . . . . local counsel services . . . to other attorneys within the Network as needed."

    c.  Howard Nassiri agreed to "assist in the supervision of the day-to-day services of the Morgan Drexen staff to ensure that the work is performed within appropriate professional and/or ethical standards and does not constitute the practice of law."

    d.  Graeff, when serving as local counsel for another law firm's client, agreed "to assist in the supervision of the Morgan Drexen staff to ensure that the administrative services performed by Morgan Drexen is compliant with the rules of professional conduct for Graeff's jurisdiction."

29.    Howard, on behalf of Howard Nassiri and Howard Law, signed an Amendment to the Local Counsel Engagement Agreement (the "Amended Engagement Agreement") on or about August 23, 2011 in which Howard Law agreed to take over the rights and responsibilities of Howard Nassiri under the Local Counsel Engagement Letter.  Graeff signed the Amended Engagement Agreement on behalf of Graeff Law.

30.    Letterhead and forms sent to Graeff Law's bankruptcy and debt settlement clients obtained through the relationship with Howard Law regularly indicated on the top that Graeff Law was part of the "Of Counsel Network of Regional Attorneys, Howard Law, P.C., Firm of Counsel, Principal Licensed in California."

31.    Graeff testified during his Fed. R. Bankr. P. 2004 examination in the case of *In re Cheryl Kae Stites*, Case No. 14-35071-rld7 (the "Stites Bankruptcy Case") on January 30, 2015 (the "Graeff 2004 Exam"), that he originally understood that his relationship to Howard Law was as an associate of Howard Law, but that he  understood he was not an associate with Howard Law approximately two years before the Graeff 2004 Exam.  Graeff further testified  regarding the change in his understanding of his relationship with Howard Law as follows: "I don't – I'm not aware of a name to call it.  I would say that 'of counsel' is as good as any."

**Page 7 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

32.    At times, Graeff was listed as an associate attorney at Howard Law on Howard Law's website, www.howardlawpc.com, including in or about February 2015.

33.    On information and belief, Howard and/or Howard Law profited directly or indirectly from fees paid to Graeff and/or Graeff Law as a result of the association between Graeff and Howard Law.

34.    Graeff and/or Graeff Law acted in conjunction with Howard, and/or Howard Nassiri or Howard Law in connection with clients obtained through Morgan Drexen.

35.    Howard Nassiri and Howard Law used the services of Morgan Drexen for administrative and legal support.

36.    Graeff and Graeff Law used the services of Morgan Drexen for administrative and legal support for clients obtained through Graeff's relationship with Howard Nassiri and Howard Law.

37.    Graeff and Graeff Law represented some bankruptcy clients who were obtained through his relationships with Howard/Howard Law and Morgan Drexen and some bankruptcy clients who were not obtained through those relationships with Howard/Howard Law and Morgan Drexen.  Graeff testified during the Graeff 2004 Exam that he generally charged fees of between $1,200 to $1,500 for bankruptcy cases in which Howard/Howard Law and Morgan Drexen were not involved.

38.    Graeff testified during the Graeff 2004 Exam that he terminated his relationships with Morgan Drexen and Howard Law as of that date.

### Facts Specific to Arthur

39.    In or about January 2013, Arthur called a phone number in response to an advertisement for bankruptcy services and spoke with a Morgan Drexen representative (the "First Call").  Arthur was interested in hiring an attorney to assist her in filing bankruptcy.

40.    A Morgan Drexen representative informed Arthur during the First Call that she would be charged $217 per month for ten months for bankruptcy attorney's fees and costs.

**Page 8 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

41.     On or about January 15, 2013, Arthur electronically signed an Attorney/Client Bankruptcy Fee Agreement (the "Bankruptcy Agreement") with Graeff Law.

42.     Despite Arthur's understanding that bankruptcy attorney's fees and costs would be paid in full after paying $217 per month for ten months, the Bankruptcy Agreement provided for: a fee of $2,169 for various bankruptcy services, including counseling Arthur regarding the appropriateness of a bankruptcy petition, preparation of the bankruptcy documents, appearing at the meeting of creditors; fees of $450 ($306 for filing the petition, $60 for pre- and post-bankruptcy counseling, and $84 for incidental post-petition amendments); and a monthly flat fee of $50.

43.     The Bankruptcy Agreement described the services covered by the $50 monthly flat fee as follows:

> to cover costs and legal fees up until the filing of the petition for the following, but not limited to: Attorney responses to legal questions via e-mail or limited consultation (not requiring extensive legal research) regarding potential litigation, litigation strategy, and creditor demands; financial planning; updating petition; ongoing paralegal and paraprofessional services, facsimile transmissions; telephone charges; postage; on-going document processing; scanning; indexing; retrieval; and other file maintenance.

44.     During the Graeff 2004 Exam, Graeff testified that the $50 monthly fee was charged as "a monthly service charge if [debtors] wouldn't give us paperwork fast enough so that we couldn't file for them or if there were a lot of compliance issues."

45.     At the time that Arthur signed the Bankruptcy Agreement she did not understand that it provided for payment of bankruptcy fees and costs that totaled more than $217 per month over 10 months.

46.     The Bankruptcy Agreement provided that Graeff Law agreed "to take reasonable steps to keep [Arthur] informed of the progress of [her] bankruptcy matter, and to respond to [her] inquiries."

47.     The Bankruptcy Agreement provided that Graeff's Law's work

**Page 9 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

will commence promptly; however, the completion of the Chapter 7 petition preparation and filing will not be accomplished until all fees . . . have been paid. The filing of the petition will only occur once you have provided [Graeff Law] with approval and have paid all fees.

48.     On or about January 15, 2013, Arthur also electronically signed an Attorney/Client Flat Fee Agreement, Consumer Legal Assistance Program (the "LAP Agreement") with Graeff Law.

49.     The LAP Agreement provided that Graeff Law would provide the following services to Arthur for a flat monthly fee: one personal contract or document reviewed (up to five pages), one phone call or letter on an Graeff Law's letterhead other than debt settlement or bankruptcy, one simple will (after one year in the Legal Assistance Program), following up with creditors after bankruptcy or a debt settlement, one consultation on a small claims matter, and preparation of a power of attorney and living will.

50.     Under the LAP Agreement, the flat monthly fee charged was $50 per month, which would be reduced to $17.50 per month on the earlier of the filing of a bankruptcy petition or decision not to file bankruptcy.

51.     When Arthur signed the LAP Agreement, she did not understand that it was a separate agreement from the Bankruptcy Agreement.

52.     The Checklist of Attorney Paperwork received by Arthur from Morgan Drexen included Graeff Law on the center top portion of the page and indicated also in the top portion of the page that Graeff Law was part of the "Of Counsel Network of Regional Attorneys, Howard Law, P.C., Firm of Counsel, Principal Licensed in California."

53.     Arthur provided her completed bankruptcy questionnaire and provided supporting documents in or about July 2013 to Morgan Drexen to facilitate the completion of her bankruptcy documents.

54.     Arthur had a balance owing to Graeff Law of $0 for bankruptcy fees and monthly fees in June 2014 after paying approximately $3,649, which included the $2,169 flat fee; $450 in additional fees (including the filing fee); $130 for attorney telephone conference charges; and

**Page 10 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

$900 in monthly fees.

55.     On or about June 22, 2014, Arthur wrote to Morgan Drexen to inquire if additional information was required of her to finalize her bankruptcy documents.

56.     Arthur continued to contact Morgan Drexen over the course of several months after June 2014 to ascertain the status of completing her bankruptcy documents.  In response to Arthur's inquiries after June 2014, Morgan Drexen informed her that more information was needed.  The additional information requested by Morgan Drexen included information or documents that Arthur previously provided or documents that needed to be updated as a result of Morgan Drexen's and/or Graeff Law's delay in preparing her bankruptcy documents.

57.     Arthur suffered stress as a result of Graeff Law's delay in preparing her bankruptcy documents.  During the time that Graeff Law represented Arthur, two creditors obtained judgments against her and attempted to garnish her bank accounts.

58.     After Arthur completed paying her bankruptcy fees in June 2014, Graeff Law continued to debit Arthur's bank account $50 per month in fees until in or about October 2014.

59.     Arthur paid a total of $3,849 to Graeff Law from in or about January 2013 through in or about October 2014, including monthly and other fees assessed after June 2014.

60.     On or about November 17, 2014, an attorney representing Arthur sent a letter to Graeff and Morgan Drexen requesting, among other relief, a full refund of the fees paid by Arthur.  In response, on or about December 4, 2014, Graeff Law sent a letter to Arthur indicating that it had processed her request to cancel her engagement of Graeff Law for bankruptcy services.  Graeff Law issued checks to Arthur in the amount of $689 on December 8, 2014 and $1,015 on December 11, 2014 (the "Checks").  Arthur did not negotiate the Checks.

61.     On July 15, 2015, Arthur filed a voluntary chapter 7 case with the assistance of an attorney representing her on a pro bono basis.

/ / /

/ / /

**Page 11 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

62.     Graeff, Graeff Law, Howard, and Howard Law are responsible for Morgan Drexen's actions with respect to Arthur in connection with the events described in this complaint.

**Pattern and Continuation of Conduct by Howard, Howard Law, Graeff, and Graeff Law**

63.     Defendants through their conduct in Oregon and elsewhere, have engaged in a clear and consistent pattern or practice of problematic conduct, including violating 11 U.S.C. § 526, in at least one or more of the following respects:

### *The Oregon Bankruptcy Case of Peggy Clements*

a.   In 2012, plaintiff expressed concerns to Graeff and Howard regarding their practices in connection with the bankruptcy case of *In re Peggy Louise Clements*, Bankruptcy Case No. 12-60336-tmr7 (the "Clements Bankruptcy Case").

b.   In an email to an attorney for plaintiff on or about June 29, 2012, in connection with the Clements Bankruptcy Case, Graeff represented: "I'm not going to work with Howard Law at all anymore in Oregon because it's too much trouble."

c.   On December 18, 2012, the court entered a Stipulated Order to Disgorge Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 329(b) and Regarding Representation of Debtor (the "Clements Stipulated Order").  Pursuant to the Clements Stipulated Order, Howard Law agreed to disgorge funds in the amount of $4,864.22 to the bankruptcy estate in the Clements Bankruptcy Case.  In addition, the Clements Stipulated Order provided that, with the debtor's consent, Graeff could continue to represent Clements provided that Graeff and Clements entered into an attorney/client agreement in accordance with the Bankruptcy Code, Bankruptcy Rules, and applicable law in the District of Oregon and without any involvement of Howard Law and/or Morgan Drexen.

d.   Graeff testified during the Graeff 2004 Exam that after the Clements Bankruptcy Case, he informed Morgan Drexen and Howard Law that he would not work with them in Oregon.  Graeff further testified that, after six or eight months of not accepting Oregon

**Page 12 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

clients from Howard Law, he started working with Morgan Drexen and Howard Law again. However, Graeff's representation of Oregon clients referred to him by Howard Law continued during the Clements Bankruptcy Case and the months that followed. For instance, Graeff entered into the Bankruptcy Agreement and the LAP Agreement with Arthur and collected fees from her under those agreements during the period of time that Graeff testified during the Graeff 2004 Examination he was no longer accepting Oregon clients from Howard Law. In addition, on or about November 19, 2012, Howard Law, through an internal accounting entry, credited Cheryl Kae Stites ("Stites") $1,152.12 to pay toward bankruptcy fees to be charged by Graeff Law. This was during a period of time Graeff testified he did not work with Howard Law in Oregon.

### The Oregon Bankruptcy Case of Cheryl Kae Stites

e.    On January 29, 2016, plaintiff commenced an adversary proceeding by the filing of a complaint in the Stites Bankruptcy Case against Graeff, Graeff Law, Howard, and Howard Law entitled *United States Trustee v. Vincent Howard, et al.*, Adversary No. 16-3013-rld.

f.    Defendants violated 11 U.S.C. § 526 in connection with the Stites' representation.

### The Oregon Bankruptcy Case of Mary Ann Michicko Roberts

g.    Simultaneously herewith, plaintiff is filing an adversary proceeding complaint in the case of *In re Mary Ann Michicko Roberts*, Case No. 15-63116-tmr7.

h.    Defendants violated 11 U.S.C. § 526 in connection with the Roberts' representation.

### Potential Additional Oregon Cases or Clients

i.    In April 2015, Oregon clients of Howard Law were notified by mail by Howard Law that "James C. Loy will now be serving as the licensed attorney in Oregon for your file." Loy had signed a Local Counsel Engagement Letter with Howard Nassiri on or about August 6, 2007. However, Loy does not practice bankruptcy law and did not agree

**Page 13 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

to provide bankruptcy advice to these clients.

j.  Shortly in advance of Howard's Fed. R. Bankr. P. 2004 examination in the Stites Bankruptcy Case by plaintiff on September 1, 2015 (the "Howard 2004 Exam"), Howard provided lists of Oregon bankruptcy clients for Howard Law and Graeff Law to plaintiff. The list of Oregon clients provided by Howard to plaintiff showed that, as of approximately the date of the Howard 2004 Exam, Howard Law had 22 with active files and Graeff Law had 28 with active files (the "Graeff Oregon Client List").

k.  Two of Graeff Law's Oregon clients on the list engaged Graeff Law in June 2015 – after the Graeff 2004 Exam when Graeff testified he had terminated his relationship with Howard Law.

l.  Howard testified during the Howard 2004 Exam that the clients on the Graeff Oregon Client List became clients of Howard Law when Graeff terminated his relationship with Howard Law.

m.  During the Howard 2004 Exam, Howard testified that he could not identify which Oregon clients had retained Howard Law for bankruptcy services.

n.  Howard refused to answer plaintiff's questions  regarding whether an Oregon attorney had agreed to act as local counsel for Howard Law's Oregon bankruptcy clients.

**Pattern and Continuation of Conduct by Howard and Howard Law in Other Jurisdictions**

64.  On information and belief, defendants Howard and Howard Law have engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526 in other jurisdictions. Among other things:

a.  Plaintiff asserts that some of the conduct and practices exposed during the CFPB Litigation against Morgan Drexen and its principal will also demonstrate violations of 11 U.S.C. § 526 by Howard and Howard Law.

b.  United States Trustees in other regions are investigating conduct involving the Morgan Drexen business model and the conduct of Howard and Howard Law.  Plaintiff

**Page 14 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

asserts that some of the conduct and practices exposed during those investigations will demonstrate violations of 11 U.S.C. § 526 by Howard and Howard Law.

## FIRST CLAIM FOR RELIEF
### Civil Penalty for Misrepresenting Services
### Against Graeff and Graeff Law
### 11 U.S.C. §§ 526(a)(3), 526(c)(5)(B)

65.     Plaintiff realleges paragraphs 1 through 64 above.

66.     Graeff and Graeff Law provided bankruptcy assistance to Arthur as defined in 11 U.S.C. § 101(4A).

67.     Defendants Graeff and Graeff Law violated 11 U.S.C. § 526(a)(3) by misrepresenting the services that they would perform to Arthur through their own acts and/or through the acts and conduct of Morgan Drexen, in at least one or more of the following respects:

   a.   By representing that Graeff Law would prepare Arthur's bankruptcy documents after she completed paying all fees to Graeff Law.

   b.   By representing that Graeff Law would take reasonable steps to keep Arthur informed of the progress of her bankruptcy matter and respond to her inquiries.

   c.   By representing that the services Graeff Law was providing for the $50 per month fee were not or should not otherwise have been included in the flat fee of $2,169.

   d.   By representing by implication that the $50 per month fee not included in the flat fee of $2,169 was reasonable and/or appropriate under applicable law.

   e.   By representing by implication that the fee of $84 for amending bankruptcy documents was necessary, reasonable, and/or appropriate before the original bankruptcy documents were prepared or filed.

68.     Graeff and Graeff Law intentionally violated 11 U.S.C. § 526(a)(3) or engaged in a clear and consistent pattern or practice of violating that section.

**Page 15 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld   Doc 1   Filed 06/10/16

69.     Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Graeff and Graeff Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(3).

## SECOND CLAIM FOR RELIEF

### Civil Penalty for Misrepresenting Services

### Against Howard and Howard Law

### 11 U.S.C. §§ 526(a)(3), 526(c)(5)(B)

70.     Plaintiff realleges paragraphs 1 through 64 above.

71.     Howard and Howard Law provided bankruptcy assistance to Arthur as defined in 11 U.S.C. § 101(4A) through the acts of Graeff, Graeff Law, and/or Morgan Drexen.

72.     Defendants Howard and Howard Law violated 11 U.S.C. § 526(a)(3) by misrepresenting the services that they would perform to Arthur through the acts of Graeff, Graeff Law, and/or Morgan Drexen, in at least one or more of the following respects:

    a.  By representing that Graeff Law would prepare Arthur's bankruptcy documents after she completed paying all fees to Graeff Law.

    b.  By representing that Graeff Law would take reasonable steps to keep Arthur informed of the progress of her bankruptcy matter and respond to her inquiries.

    c.  By representing that the services Graeff Law was providing for the $50 per month fee were not or should not have been otherwise included in the flat fee of $2,169.

    d.  By representing by implication that the $50 per month fee was reasonable and/or appropriate under applicable law.

    e.  By representing by implication that the fee of $84 for amending bankruptcy documents was necessary, reasonable, and/or appropriate before the original bankruptcy documents were prepared or filed.

73.     Howard and Howard Law intentionally violated 11 U.S.C. § 526(a)(3) or engaged in a clear and consistent pattern or practice of violating that section.

74.     Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against

**Page 16 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

Howard and Howard Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(3).

<center>

### THIRD CLAIM FOR RELIEF

**Against Graeff and Graeff Law**

**Civil Penalty for Failing to Perform Services**

**11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)**

</center>

75.     Plaintiff realleges paragraphs 1 through 64 and 66 above.

76.     Graeff and Graeff Law violated 11 U.S.C. § 526(a)(1) by failing to perform services they agreed to perform in at least one or more of the following respects:

    a.  By failing to complete Arthur's bankruptcy documents.

    b.  By failing to keep Arthur informed of the progress of her bankruptcy matter.

    c.  By filing to timely respond to respond to Arthur's inquiries regarding the status of her bankruptcy matter.

77.     Graeff and Graeff Law intentionally violated 11 U.S.C. § 526(a)(1) or engaged in a clear and consistent pattern or practice of violating that section.

78.     Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Graeff and Graeff Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(1).

<center>

### FOURTH CLAIM FOR RELIEF

**Against Howard and Howard Law**

**Civil Penalty for Failing to Perform Services**

**11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)**

</center>

79.     Plaintiff realleges paragraphs 1 through 64 and 71 above.

80.     Howard and Howard Law through the acts of Graeff, Graeff Law, and/or Morgan Drexen, violated 11 U.S.C. § 526(a)(1) by failing to perform services they agreed to perform in at least one or more of the following respects:

    a.  By failing to complete Arthur's bankruptcy documents.

**Page 17 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

b.  By failing to keep Arthur informed of the progress of her bankruptcy matter.

c.  By filing to timely respond to respond to Arthur's inquiries regarding the status of her bankruptcy matter.

81.  Howard and Howard Law intentionally violated 11 U.S.C. § 526(a)(1) or engaged in a clear and consistent pattern or practice of violating that section.

82.  Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Howard and Howard Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(1).

<p align="center">**FIFTH CLAIM FOR RELIEF**</p>

<p align="center">**Against Graeff and Graeff Law**</p>

<p align="center">**Injunction against Continued Violations of 11 U.S.C. § 526**</p>

<p align="center">**11 U.S.C. § 526(c)(5)(A)**</p>

83.  Plaintiff realleges paragraphs 1 through 64, 66 through 68, 76 and 77 above.

84.  Pursuant to 11 U.S.C. § 526(c)(5)(A), an injunction should be issued prohibiting Graeff and Graeff Law from violating 11 U.S.C. § 526 due to their intentional violation of 11 U.S.C. § 526 and/or their clear and consistent pattern or practice of violating 11 U.S.C. § 526.

<p align="center">**SIXTH CLAIM FOR RELIEF**</p>

<p align="center">**Against Howard and Howard Law**</p>

<p align="center">**Injunction against Continued Violations of 11 U.S.C. § 526**</p>

<p align="center">**11 U.S.C. § 526(c)(5)(A)**</p>

85.  Plaintiff realleges paragraphs 1 through 64, 71 through 73, 80, and 81 above.

86.  Pursuant to 11 U.S.C. § 526(c)(5)(A), an injunction should be issued prohibiting Howard and Howard Law from violating 11 U.S.C. § 526 due to their intentional violation of 11 U.S.C. § 526 and/or their clear and consistent pattern or practice of violating 11 U.S.C. § 526.

/ / /

/ / /

**Page 18 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

## SEVENTH CLAIM FOR RELIEF

### Against Graeff and Graeff Law

### Cancellation of Agreement and Refund of Fees

### 11 U.S.C. §§ 526(c)(1), 105(a)

87.     Plaintiff realleges paragraphs 1 through 64 above and 66.

88.     Graeff and Graeff Law's contract with Arthur does not comply with the material requirements of 11 U.S.C. §§ 526(a)(1) and/or (a)(3).

89.     Pursuant to 11 U.S.C. § 526(c)(1), any agreement between Graeff and/or Graeff Law and Arthur is void and unenforceable because the contract failed to comply with the material requirements of 11 U.S.C. § 526.

90.     Pursuant to 11 U.S.C. § 105(a), the Court should order Graeff and Graeff Law to refund fees received from Arthur due to the cancellation of the agreement with Arthur pursuant to 11 U.S.C. § 526(c)(1).

## EIGHTH CLAIM FOR RELIEF

### Against Graeff

### Discipline and Sanctions under Local Bankruptcy Rule 9011-3

91.     Plaintiff realleges paragraphs 1 through 64 above.

92.     District of Oregon Local Bankruptcy Rule ("LBR") 9011-3 provides for a variety of remedies, including "[a]ny other appropriate sanction or remedy," if an attorney without just cause fails to comply with any provision of an LBR, FRCP, FRBP, LR, statute, or order.  *See* LBR 9011-3(a)(4).  District of Oregon Local Rule ("LR") 83-7(a), in turn, requires that every attorney admitted by general or special practice must "[b]e familiar and comply with the Oregon State Bar Standards of Professional Conduct and this Court's Statement of Professionalism."

93.     Graeff should be sanctioned under LBR 9011-3 for his violations of the Bankruptcy Code as alleged herein without just cause and for his violations of LR 83-7(a) without just cause by failing to comply with multiple Oregon Rules of Professional Conduct

**Page 19 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

including, but not limited to, Rule 1.3 (Diligence), 1.4 (Communication), 1.5 (Fees), 1.15 (Safekeeping of Property), 5.3 (Responsibilities Regarding Nonlawyer Assistance), 5.4 (Professional Independence of a Lawyer), and/or 8.4 (Misconduct).

94.     The civil sanctions imposed against Graeff should be sufficient to deter Graeff from engaging in similar misconduct in the future and should take into account his prior failure to follow through on representations that he would discontinue his relationships with Morgan Drexen and Howard Law.  The civil sanctions imposed by the Court should include at least a return of all fees Graeff received in connection with Arthur's bankruptcy case, a report to the court of the transition of Graeff's bankruptcy clients after he terminated his relationship with Howard Law, restrictions on the sharing of fees for bankruptcy clients by Graeff with attorneys not licensed to practice in Oregon, and a requirement that Graeff take continuing legal education in ethics sufficient to earn five credit hours.

### NINTH CLAIM FOR RELIEF

### Against Graeff

### Discipline and Sanctions under the Bankruptcy Court's Inherent Authority

95.     Plaintiff realleges paragraphs 1 through 64 above.

96.     Graeff should be disciplined and sanctioned under the bankruptcy court's inherent power to discipline attorneys who appear before it and to sanction attorneys for "bad faith" or willful misconduct" due to his failure to timely provide bankruptcy services to Arthur, misrepresentations regarding the fees and expenses charged to Arthur for bankruptcy services, excessive fees and expenses charged to Arthur for bankruptcy services, failure to timely communicate with Arthur in response to her inquiries regarding the status of her bankruptcy matter, and maintenance of a relationship with Howard, Howard Law, and Morgan that resulted in violations of the Oregon Rules of Professional Conduct.

97.     The civil sanctions imposed against Graeff should be sufficient to deter Graeff from engaging in similar misconduct in the future and should take into account his prior failure

**Page 20 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16

to follow through on representations that he would discontinue his relationships with Morgan Drexen and Howard Law. The civil sanctions imposed by the Court should include at least a return of all fees Graeff received in connection with Arthur's bankruptcy case, a report to the court of the transition of Graeff's bankruptcy clients after he terminated his relationship with Howard Law, restrictions on the sharing of fees for bankruptcy clients by Graeff with attorneys not licensed to practice in Oregon, and a requirement that Graeff take continuing legal education in ethics sufficient to earn five credit hours.

**WHEREFORE**, plaintiff prays for a judgment:

1.      Against Graeff and Graeff Law:

     a.      On plaintiff's first and third claims for relief, awarding civil penalties in the amount up to $5,000 total;

     b.      On plaintiff's fifth claim for relief, imposing an injunction prohibiting the violation of 11 U.S.C. § 526;

     c.      On plaintiff's seventh claim for relief, requiring the refund of all fees received by Graeff Law from Arthur; and

     d.      Requiring the payment of plaintiff's costs as allowed by the court.

2.      Against Howard and Howard Law:

     a.      On plaintiff's second and fourth claims for relief, awarding civil penalties in the amount up to $5,000 total;

     b.      On plaintiff's sixth claim for relief, imposing an injunction prohibiting the violation of 11 U.S.C. § 526; and

     c.      Requiring the payment of plaintiff's costs as allowed by the court.

3.      Against Graeff:

     a.      On plaintiff's eighth claim for relief, imposing appropriate civil sanctions under LBR 9011-3.

     b.      On plaintiff's ninth claim for relief, imposing appropriate civil sanctions

**Page 21 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

under the court's inherent power.

4.       Against all defendants:

     a.       Providing for such other and further relief as the court deems just and

proper.

DATED this 10th day of June, 2016.

<div style="margin-left:40%;">

Respectfully submitted,
GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18


 /s/ Carla G. McClurg
Carla G. McClurg, CSB# 227738
Trial Attorney

</div>

**Page 22 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES,
INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06061-rld    Doc 1    Filed 06/10/16