Vincent Howard, Esq. (CA SBN 232478)
HOWARD LAW. P.C.
2099 S. State College Blvd, Suite 600
Anaheim, CA 92806
Telephone No.: 800-872-5925
vhoward@howardlaw.com

Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>KATHLEEN ARTHUR,<br><br>Debtor. | Bankruptcy Case No.: 15-62393-tmr7<br><br>Adv. Proc. No. 16-06061-tmr<br><br>DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S ANSWER |
| UNITED STATES TUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT HOWARD, HOWARD LAW, P.C., ERIK GRAEFF, LAW OFFICES OF ERIK GRAEFF, P.C.,<br><br>Defendants. | |

*Howard and Howard Law's Answer*

- 1 -

Defendant Vincent Howard, on behalf of himself and Howard Law, P.C., for whom he is the sole shareholder (collectively "Howard"), answers Plaintiff's Complaint as the allegations pertain to Howard as follows:

1. Howard denies the allegations in paragraph 1; and specifically denies that this Court has personal jurisdiction over Vincent Howard.

2. Howard denies the allegations in paragraph 2.

3. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Howard admits the allegations in paragraph 7.

8. Howard admits the allegations in paragraph 8.

9. Howard admits the allegations in paragraph 9.

10. Responding to paragraph 10, Howard admits that Howard Law was a debt relief agency.

11. Howard admits the allegations in paragraph 11.

12. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Howard denies the allegation in paragraph 14.

15. Howard denied that Howard assisted Morgan Drexen in forming a network of attorneys throughout the United States to participate with Morgan Drexen to provide consumer debt resolution services. Howard denied that Morgan Drexen adopted an Attorney Model.

16. Howard denies the allegation in paragraph 16.

17. Howard denies the allegation in paragraph 17.

18. Howard denies that Morgan Drexen had a program into which consumers entered. Howard denies that Morgan Drexen solicited clients. Howard admits that Morgan Drexen performed the remaining tasks under Howard's supervision in connection with Howard's clients. Arthur was not a client of Howard Law.

19. Howard denies that the district court found that consumers were charged illegal upfront fees for debt relief services and that false representations were made to consumers. A default was entered against Morgan Drexen without any findings on the merits of the CFPB complaint.

20. Howard admits the allegations in paragraph 20.

21. Howard admits Graeff signed a Local Counsel Engagement Letter with Howard.

22. Howard admits he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 22.

23. Howard admits he signed a Local Counsel Engagement Letter. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 23.

24. Howard admits he signed a Local Counsel Engagement Letter. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 24.

25. Howard admits he signed a Local Counsel Engagement Letter with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 25.

26. Howard admits Graeff signed an amendment to the Local Counsel Engagement Letter. The terms of the amendment speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 26.

27. Howard admits he signed a Letter of Understanding with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 27.

28. Howard admits he signed a Letter of Understanding with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 27.

29. Howard admits he signed an Amendment to Local Counsel Engagement Agreement with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 29.

30. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them. However, Howard admits that Graeff had an "of counsel" relationship with Howard Law, P.C.

32. Howard admits that the Howard Law website represented that Graeff had an ongoing and personal relationship with the law firm.

33. Howard denied that it profited from fees paid to Graeff Law by Arthur.

34. Howard denies that Graeff and/or Graeff Law acted in conjunction with Howard in connection with Arthur.

*Howard and Howard Law's Answer*

- 5 -

35. Howard admits the allegations in paragraph 35.

36. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62. Howard denies that it was responsible for Morgan Drexen's action with respect to Arthur.

63. Howard denies that it has engaged in a clear and consistent pattern or practice of problematic conduct, including violating 11 U.S.C. § 526.

64. Howard denies it has engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526.

# FIRST CLAIM FOR RELIEF
## Against Graeff and Graeff Law
## Civil Penalty for Misrepresenting Services
## 11 U.S.C. §§ 526(a)(3), 526(c)(5)

65. Howard admits and denies the allegations of paragraphs 1-64 as initially admitted and denied.

66. Plaintiff makes no allegations in paragraph 66 concerning Howard.

67. Plaintiff makes no allegations in paragraph 67 concerning Howard.

68. Plaintiff makes no allegations in paragraph 68 concerning Howard.

69. Plaintiff makes no allegations in paragraph 69 concerning Howard.

# SECOND CLAIM FOR RELIEF
## Against Howard and Howard Law
## Civil Penalty for Misrepresenting Services
## 11 U.S.C. §§ 526(a)(3), 526(c)(5)

70. Howard admits and denies the allegations of paragraphs 1-70 as initially admitted and denied.

71. Howard denies the allegations in paragraphs 71, 72, 73, and 74.

# THIRD CLAIM FOR RELIEF
## Against Graeff and Graeff Law
## Civil Penalty for Failing to Perform Services
## 11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)

75. Howard admits and denies the allegations of paragraphs 1-74 as initially admitted and denied.

76. Plaintiff makes no allegations in paragraph 76 concerning Howard.

77. Plaintiff makes no allegations in paragraph 77 concerning Howard.

78. Plaintiff makes no allegations in paragraph 78 concerning Howard.

## FOURTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Civil Penalty for Failing to Perform Services
### 11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)

79. Howard admits and denies the allegations of paragraphs 1-64 and 71 as initially admitted and denied.

80. Howard denies the allegations in paragraphs 80, 81, and 82.

## FIFTH CLAIM FOR RELIEF
### Against Graeff and Graeff Law
### Injunction against Continued Violations of 11 U.S.C. § 526
### 11 U.S.C. § 526(c)(5)(A)

83. Howard admits and denies the allegations of paragraphs 1-82 as initially admitted and denied.

84. Plaintiff makes no allegations in paragraphs 84 concerning Howard.

## SIXTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Injunction against Continued Violations of 11 U.S.C. § 526
### 11 U.S.C. § 526(c)(5)(A)

85. Howard admits and denies the allegations of paragraphs 1-84 as initially admitted and denied.

86. Howard denies the allegations in paragraph 86.

## SEVENTH CLAIM FOR RELIEF
### Against Graeff and Graeff Law
### Cancellation of Agreement and Refund of Fees
### 11 U.S.C. §§ 526(c)(1), 105(a)

87. Howard admits and denies the allegations of paragraphs 1-87 as initially admitted and denied.

88. Plaintiff makes no allegations in paragraphs 88, 89, and 90 concerning Howard.

### EIGHTH CLAIM FOR RELIEF
### Against Graeff
### Discipline and Sanctions under Local Bankruptcy Rule 9011-3

91. Howard admits and denies the allegations of paragraphs 1-90 as initially admitted and denied.

92. Plaintiff makes no allegations in paragraphs 92, 93, and 94 concerning Howard.

### NINTH CLAIM FOR RELIEF
### Against Graeff
### Discipline and Sanctions under the Bankruptcy Court's Inherent Authority

95. Howard admits and denies the allegations of paragraphs 1-94 as initially admitted and denied.

96. Plaintiff makes no allegations in paragraphs 96 and 97 concerning Howard.

/ / /

WHEREFORE, Howard prays for relief as follows:

A. For an Order dismissing Plaintiff's claims against Howard with prejudice;

B. For Howard's costs and disbursements; and

C. For such other and further relief as this Court deems equitable and just.

Dated: August 18, 2016

                                             Vincent Howard, Esq. for
                                             Howard Law and Pro Se

*Howard and Howard Law's Answer*

# CERTIFICATE OF SERVICE

I hereby certify that I, Peter Carreon, am an employee of Howard Law, P.C., and that on August    , 2016, I served a copy of the foregoing DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S ANSWER by mailing a copy of this document, by United States first-class mail, postage prepaid, addressed to the following:

Loren S. Scott
THE SCOTT LAW GROUP
2350 Oakmont Way, Ste 106
Eugene, OR 97401

Carla G. McClurg
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205

Dated: August    2016

_____
Peter Carreon